**In re Christopher M. TINSLEY, and Crystal E. Tinsley, Debtors.**

No. 09–51194.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

April 19, 2010.

---

Roland S. Carlton, Jr., Staunton, VA, for Debtors.

## AMENDED DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Harrisonburg in said District on this 19th day of April, 2010:

A hearing was held on December 17, 2009, to consider Confirmation of the Debtors' Amended Chapter 13 Plan and the Chapter 13 Trustee's Objection to Con-

firmation. On March 25, 2010, this Court entered a Decision and Order in the above-captioned case (docket entry number 43) denying the Trustee's Objection to Confirmation.[1] The Court, *sua sponte*, has reconsidered the prior Decision and Order and finds that it is appropriate to vacate its Decision and Order and to enter an Amended Decision and Order to make it clear that travel expense reimbursement to a Debtor at a fixed rate based upon mileage may be claimed on Schedule J and be determined to be a reasonable expense upon proof of relationship between the amount of the mileage reimbursement claimed and documentation provided the Chapter 13 Trustee showing actual expenses incurred and reasonable depreciation in value for the vehicle used. This reconsideration necessitates vacating the previous Decision and Order and the entry of this Amended Decision and Order. The substantive changes are found in III, the Conclusion and the Ordered portions of this Amended Decision and Order.

### Background

On July 31, 2009, the Debtors filed their Chapter 13 bankruptcy petition, statement, schedules and plan. Their documents show the Debtors as below-median income debtors. On November 4, 2009, the Debtors filed an amended Chapter 13 plan (hereafter the "Plan"). Pursuant to 11 U.S.C. § 1324, a confirmation hearing was held on December 17, 2009, and the Trustee objected to confirmation on the ground that the Debtors do not provide all of their disposable income to the Plan. *See* 11 U.S.C. § 1325(b)(1)(B). The Trustee asserts that the Debtors have failed to provide all of their disposable income to their Plan because they do not include as income the mileage reimbursement Mr. Tinsley receives from his employer. Additionally, the Trustee's objection states that the Debtors, when calculating disposable income pursuant to § 1325(b)(2), may use only those expenses actually incurred by Mr. Tinsley on his business related travels, i.e., that the Debtor must substantiate the expenses with receipts for gas and food, rather than claiming the amount of his reimbursement from his employer as evidence of the expenses incurred.[2]

The Debtors state that Mr. Tinsley is employed by Pepsi Bottling Group (hereafter "Pepsi"). As part of his employment, Mr. Tinsley is required to use his personal vehicle to travel for business purposes. When Mr. Tinsley travels for work he pays all of the expenses and then submits to Pepsi a detailed record of the miles he has driven on his trip. Pepsi, based solely on the number of miles driven, reimburses Mr. Tinsley for his travel at a rate of 55¢ per mile. The Debtors did not claim the reimbursement Mr. Tinsley receives as income on their Schedule I. Also, the Debtors did not claim any business travel related expenses on their Schedule J. It is the Debtors' position that the reimbursements do not constitute income. However, if the reimbursements are to be included on Schedule I, then the Debtors argue that the reimbursement at the rate set by the employer is properly included on Schedule J.

### Discussion

#### I. Does Reimbursement for Business Travel Constitute Income?

 11 U.S.C. § 1325(b)(1)(B) states that if a Trustee objects to confirmation of the debtor's plan of reorganization, the

---

1. The prior Decision and Order can be found at 2010 WL 1140854 (Bankr.W.D.Va. Mar. 25, 2010)

2. The Debtors contend, and the Trustee does not dispute, that the reimbursement for travel expenses covers items such as food, gasoline and depreciation.

plan cannot be confirmed unless the plan provides that all of the debtor's projected disposable income will be applied to the plan. § 1325(b)(2) states that for purposes of this section, "disposable income" means "current monthly income received by the debtor ... less amounts reasonably necessary to be expended ... for the maintenance or support of the debtor or a dependent of the debtor." 11 U.S.C. § 1325(b)(2) (West, 2010). 11 U.S.C. § 101(10A)(A) defines currently monthly income as "the average monthly income from all sources that the debtor receives ... without regard to whether such income is taxable income...." 11 U.S.C. § 101(10A)(A) (West, 2010). The question here is whether the reimbursements fall within the definition provided by § 101(10A)(A).

*In re Martin,* 189 B.R. 619 (Bankr. E.D.Va.1995) involved a Chapter 13 debtor whose plan had been objected to by a party in interest for bad faith and discriminatory treatment of creditor classes. As one aspect of the court's evaluation of the bad faith allegation *Martin* looked at whether the debtor's schedules were inaccurate to a degree or manner that they would constitute bad faith. In undertaking this evaluation the court noted that the debtor's failure to include mileage reimbursements from his employer as income constituted an inaccuracy, but ultimately the court decided that this inaccuracy did not amount to bad faith. Similarly, *In re Hornung,* 425 B.R. 242 (Bankr.M.D.N.C. 2010) stated that a Chapter 7 debtor who received mileage reimbursements from his employer erred when he did not list those reimbursements as income on his bankruptcy petitions or forms. The implication from *Martin* and *Hornung* is that since it

is inaccurate or incorrect to not claim reimbursements from employers as income, reimbursements are income for purposes of § 101(10A)(A).

In this case, the Debtors admit that they did not list the mileage reimbursements Mr. Tinsley received from Pepsi as income. Pursuant to *Martin* and *Hornung,* the Court finds that the Debtors' failure to list these reimbursements on their bankruptcy petition or forms constitutes an inaccuracy and error and therefore, the Debtors' schedules and Plan should reflect these reimbursements as income.

## II. Can the Debtors claim business travel related expenses?

█ Reimbursements, by definition, are repayments for an expense already incurred.[3] Therefore, it is only logical that the Debtors are able to claim the expenses incurred by Mr. Tinsley when he is on business travel for which he receives reimbursement.

## III. What expenses may the Debtors claim?

As previously noted, § 1325(b)(2) states that to calculate "disposable income" the Court is to compute "current monthly income received by the debtor ... less amounts reasonably necessary to be expended ... for the maintenance or support of the debtor or a dependent of the debtor." 11 U.S.C. § 1325(b)(2) (West, 2010). In determining the values needed to compute disposable income under § 1325(b)(2), *In re Hylton,* 374 B.R. 579, 582 (Bankr. W.D.Va.2007) holds that in the case of a below income debtor, courts are to use the figures stated in schedules I and J of a debtor's bankruptcy petition.

The Trustee argues that Schedule J requires a debtor to include only actual ex-

---

**3.** Black's Law Dictionary defines reimbursement as "1. Repayment, 2. Indemnification" *Black's Law Dictionary* (8th ed.2004).

Black's Law Dictionary also defines reimburse as "to repay that expended ..." *Black's Law Dictionary,* 1287, (6th ed.1990).

penses incurred and that those expenses must be supported by documentation. The Trustee contends that if an expense cannot be supported by documentation or if that documentation is insufficient the Debtors may not claim the expense. The Trustee also points to the language in § 1325(b)(2) in support of the position that the expenses must not only be documented but must also be "reasonably necessary." Regarding the specific facts found in this case, the Trustee argues that the only business travel related expenses the Debtors can claim are those that can be supported by receipts, i.e., receipts for items such as gasoline, food, and depreciation. The Trustee further argues that the Debtor should not be allowed to claim the amount of his reimbursement as the amount of the expense incurred. The Trustee argues that this method bars the Trustee from determining the reasonableness of the expense as there is no oversight of the methodology employed by Pepsi in determining the rate of reimbursement.

▪▪▪ The Court agrees with the Trustee on the general proposition that debtors must document their expenses and that only expenses that can be confirmed by documentation can be allowed. The Court further agrees with the Trustee on the general proposition that the expenses must be reasonably necessary. The Court disagrees with the Trustee on the position that the Debtors not be allowed to use the amount of the reimbursement as evidence for the value of the expense incurred. The Court finds that the rate at which Pepsi reimburses its employees is sufficient to demonstrate reasonableness as the rate incorporates travel related expenses such as gas, depreciation, and food. The facts show that Mr. Tinsley pays his expenses when he travels. Therefore, he should be able to document actual expenses and establish a nexus between the flat rate reimbursement for mileage and actual expenses. The Trustee may then evaluate the reasonableness of the flat rate, taking into account standard depreciation expense of the Debtors' car for mileage used in Mr. Tinsley's employment. Thus, the Court finds that the Debtors may use the amount of the reimbursement as evidence of the expenses incurred by Mr. Tinsley and may claim those expenses on their Schedule J at the rate of reimbursement if the rate of reimbursement is reasonable in view of documented actual expenses and depreciation.

### Conclusion

The Court finds that in this case the Debtors must list reimbursements received from Pepsi as income on their Schedule I and that the Debtors may claim business travel related expenses on Schedule J in the amount of the reimbursement from the employer to support the value of the business travel related expenses claimed as long as documented actual expenses and depreciation do not reveal the flat rate of reimbursement to be unreasonable.[4,5] Accordingly, it is,

### ORDERED

That this Court's Decision and Order dated March 25, 2010, in the above-captioned case be, and it hereby is **VACATED.** It is,

---

**4.** The Court notes that the application of this holding is limited in scope to below median income debtors. 11 U.S.C. § 1325(b)(3) mandates that above median income debtors utilize the standard expense deductions found in 11 U.S.C. §§ 707(b)(2)(A) and (B) to calculate monthly expenses.

**5.** The Court notes that the 55¢ per mile is not a cap to the amount of expenses the Debtors incur for Mr. Tinsley's business travels. If the Debtors can produce documentation of actual expenses that exceed the 55¢ per mile rate of reimbursement then they are entitled to claim such a figure.

**FURTHER ORDERED**

That the Trustee's Objection to Confirmation is hereby, SUSTAINED. The Debtors shall have 20 days from the date of this Order to provide the Trustee with documents evidencing actual travel expenses, to amend their Schedule J accordingly and to amend their Schedule I to reflect the mileage reimbursement as income. It is,

**FURTHER ORDERED**

Confirmation of Debtors' Plan is set for *June 9, 2010 at 2:00 p.m.* in the *3rd Floor Courtroom, United States Courthouse, 116 North Main Street, Harrisonburg, VA 22802.*

Copies of this Order are directed to be sent to counsel for the Debtors, Roland S. Carlton Jr., Esquire; and to the Chapter 13 Trustee, Herbert L. Beskin. Debtors' counsel shall serve notice to all creditors on the Debtors' mailing matrix of the date and time of the confirmation hearing and shall certify such service in writing to the Court.